**JUN QI XIAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–6318–ag.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Peter D. Lobel, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Michael D. Love, Craig A. Oswald, Assistant United States Attorneys, Chicago, IL, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jun Qi Xiao, a citizen of the People's Republic of China, seeks review of an October 31, 2005 order of the BIA affirming the July 29, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Jun Qi Xiao,* No. A79 337 129 (B.I.A. Oct. 31, 2005), *aff'g* No. A79 337 129 (Immig. Ct. N.Y. City Jul. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d

Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Here, the BIA emphasized two findings of the IJ which are supported by substantial evidence. First, Xiao testified inconsistently with his documentary evidence where he stated that his daughter was born in Jin Feng, but where the birth certificate and household registry he submitted indicate that she was born in Fuzhou City. The IJ reasonably found Xiao's explanation for the discrepancy to be "not convincing or credible," where he stated that he personally provided the authorities with information about his daughter, but could not give an explanation as to why they nevertheless indicated that she was born in Fuzhou.

Second, Xiao testified inconsistently regarding the amount of time he lived in hiding in Jin Feng. Initially, he testified that he lived in Jin Feng for 7 or 8 years beginning in February 1988 when he and his wife discovered her second pregnancy. Later, he testified that about four years after he and his wife were in hiding, cadres came to sterilize his wife after which time he returned to his home in Bei Mei to live. He then stated that he returned to Bei Mei after his wife's sterilization in July or August 1993. When Xiao was told that he had submitted a document indicating that his wife's sterilization had occurred in March 1992, he confirmed that the document was correct. The IJ reasonably

found that "the further [Xiao] attempted to explain, the more conflicting and contradictory his testimony became." As the BIA noted, these discrepancies are dramatic and go to the heart of Xiao's family-planning claim.

■ We have indicated that the weight that should be accorded to documentary evidence during immigration proceedings lies largely within the discretion of an IJ. *See Xiao Ji Chen v. Gonzales,* 471 F.3d 315, 341–42 (2d Cir.2006). Here, the IJ did not abuse his discretion in according no weight to the birth certificate and x-ray documents that Xiao submitted, where they were not contemporaneous with the events they purported to record, they contradicted his testimony, and the chain of custody of the documents from China to the United States was poorly established. Accordingly, the IJ did not err by denying Xiao's application for asylum, withholding of removal and CAT relief based on his family-planning claim.

■ Finally, substantial evidence supports the IJ's finding that Xiao failed to show that he was likely to be tortured if returned to China because of his illegal departure. Although Xiao testified that he was likely to be imprisoned, he offered no evidence that he would be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003) ("Imprisonment ... does not inherently constitute torture.").

For the foregoing reasons the petition for review is DENIED. Having completed our review, Xiao's pending motion for a stay of removal in this petition is DISMISSED as moot.